Mahaffey *vs.* Petty et al.

---

No. 41.—WM. MAHAFFEY, plaintiff in error, *vs.* HENRY C. PETTY *et al.*, defendants in error.

## *A brief history of the action of Assumpsit.*

*Assumpsit* lies concurrently with *debt*—each in a very compendious form—on contracts, express or implied, for remuneration for *personal services,* as well as for all the *usual money demands.*

Different counts may be joined in *all* cases where the *same plea* applies and the *same judgment* can be rendered, and in *some* where *different pleas* are put in ; provided the *same judgment* may be rendered on *all the counts.*

## *Simple and short precedents in Debt and Assumpsit.*

*By the Court*—LUMPKIN, Judge.

The plaintiff filed the following declaration against the defendants, in the above case :

GEORGIA, *Muscogee County.* } To the Honorable Inferior Court of said county.

The petition of William Mahaffey shows, that Henry C. Petty, Philip A. Clayton, Robert A. Ware, William Bilbro and John Bilbro, as copart-

ners, and all of said county, owe to, and unjustly detain from, your petitioner, the sum of eight hundred and nineteen dollars and eighty-five cents, as principal, besides interest thereon, at eight per cent. per annum, and besides thirty-four dollars and eighty-one cents as costs of suit. For that whereas, at the Superior Court of Franklin county, in Apalachicola district, of the Territory of Florida, begun and held in the city of Apalachicola aforesaid, in the district aforesaid, heretofore, to wit, on the fourteenth day of April, in the year of our Lord eighteen hundred and forty-one, before the Honorable Samuel W. Carmack, the judge of said court; your petitioner, by the consideration and judgment of said court, recovered against said defendants the sum of eight hundred and nineteen dollars and eighty-five cents, which was adjudged to him for his damages, and also recovered against said defendants his costs by him about his suit in that behalf expended; and your petitioner says that his said costs were the sum of thirty-four dollars and eighty-one cents; whereof said defendants were convicted as by the record and proceedings thereof, still remaining in said court, before the judge thereof, at the city of Apalachicola aforesaid, more fully appears; whereby an action has accrued to your petitioner, to demand and have of and from said defendants, said sum of eight hundred and nineteen dollars and eighty-five cents, besides interest thereon at eight per cent. per annum, from the day and year aforesaid, and also said sum of thirty-four dollars and eighty-one cents. And your petitioner further shows, that said defendants are indebted to your petitioner in another sum of thirty-three hundred dollars. For that whereas, heretofore, to wit, on the twenty-third day of February, eighteen hundred and thirty-nine, in consideration that your petitioner would act and serve as engineer of and on board the steamer Alabama, running on and navigating Chattahoochy river, the said defendant agreed and promised him to pay him for his services as such engineer, at and after the rate of two hundred dollars a month, for and during the time your petitioner should so serve; and your petitioner says that he did so serve said defendants as engineer of and on board said steamer for a long space, to wit, from the day and year last aforesaid, until the fifteenth day of April, eighteen hundred and forty. By means whereof said defendants became liable to pay to your petitioner, said first (in this count) mentioned sum of money, to wit, on the day and year last aforesaid. Yet said defendants, although often requested so to do, did not, nor would, pay said sum of money, or any part thereof, to your petitioner, but have hitherto wholly failed and neglected so to do; whereby an action has accrued to your petitioner, to have and demand from said defendants said last-mentioned sum of money. And for that whereas, said defendants, heretofore, to wit, on the day and year last aforesaid, was indebted to your petitioner in one other sum of thirty-three hundred dollars, for the wages of your petitioner before that time, and then due, and payable from said defendants to your petitioner, for the service of your petitioner by him before that time done and performed as an engineer of and on board of a certain steamer of said defendants, called the Alabama, and for said defendants, and on their retainer, and to be paid by said defendants to your petitioner, when they should be thereunto afterwards requested. Whereby, and by reason of said last-mentioned sum of money being wholly unpaid, an action has ac-

crued to your petitioner to have and demand from said defendants said last-mentioned sum of money.

And for that, whereas, heretofore, to wit : on the first day of November, in the year aforesaid, in consideration that your petitioner would act and serve as engineer of, for, and on board of said steamer Alabama, plying on and navigating said river Chattahoochy ; they, the said defendants, promised him to pay him for his services as such engineer, at and after the rate of two hundred dollars per month, for and during the boating season, then immediately ensuing ; that is to say, from the said first day of November, until the middle of the Spring of the year next following ; and your petitioner says that he did act and serve as engineer of, for, and on board of said steamer Alabama, plying on and navigating said river, for a long space of time, to wit : during said boating season, that is to say, from said first day of November, in the year eighteen hundred and thirty-nine aforesaid, until the fifteenth day of April, in the year next thereafter. By means whereof said defendants became liable to pay to your petitioner said last-mentioned sum of money, to wit : on the day and year last aforesaid. Yet said defendants, although often requested so to do, did not, nor would pay to your petitioner said sum of money, or any part thereof, but have hitherto wholly failed and neglected so to do. And whereas, also, the said defendants, to wit : on the said fifteenth day of April, in the year eighteen hundred and forty, were indebted to your petitioner, in the further sum of thirty-three hundred dollars, for the work and labor, care and diligence of your petitioner, by him before that time done and performed, and bestowed in and about the business of the defendants, and for them, and at their special instance and request, and also, for divers materials, and other necessary things, by your said petitioner found, provided, used and applied, in and about that work and labor, for said defendants, and at their special instance and request, and to be paid to your petitioner, when they should be thereunto afterwards requested : Whereby, and by means of said last-mentioned sum of money being and remaining wholly unpaid, an action hath accrued to your petitioner, to have and demand of said defendants said last-mentioned sum of money. Yet said defendants, although often requested so to do, have not paid your petitioner said sum or sums of money, above demanded, or every or either of them, or any part thereof, but to do so have wholly refused and failed, and still fail and refuse, to the damage of your petitioner, four thousand dollars ; and, therefore, he brings suit, and prays process may issue, requiring said defendants to be and appear at the next Inferior Court, to be held in and for said county, then and there to answer your petitioner in an action of debt.

JONES, BENNING, and JONES, Plaintiff's Attorneys.

The defendants to this action pleaded the general issue, that they were not indebted, &c., and payment. Upon the appeal trial, a verdict was found for the plaintiff for $520 07 principal, $211 interest, and cost of suit. Counsel for defendants moved an arrest of judgment upon the following grounds, to wit :

1st. Because the plaintiff's declaration contained counts in debt and counts in assumpsit ; which could not be joined in the same action.

2d. Because said verdict, if found upon the counts in assumpsit, or either of them, is increased by the finding of interest.

3d. Because it does not appear upon which of said counts—the count in debt or the count in assumpsit—the said verdict was rendered.

4th. Because said verdict is found and rendered against all of said defendants, when the record of said case shows service only as to a part of them.

This motion was argued before Judge Dougherty, in May, 1846, when it was adjudged by him, that the same be sustained on the ground of the *misjoinder of incongruous* counts in the writ, and a new trial was directed. To this decision the plaintiff, by his counsel, excepted; and we are asked to reverse it, as erroneous in law.

The motion below was no doubt well taken, provided the facts warranted it. Care should be taken by the pleader not to insert any counts that cannot be joined in the same action; and a misjoinder will be good ground for a general demurrer or an arrest of judgment on a writ of error.— 2 *Bos. & Pul.* 424; 4 *Term Rep.* 34.

The general rule to be deduced from the authorities as to what forms of action may be joined together is, that when the *same plea* may be pleaded, and the *same judgment* given on all the counts of the declaration, or when the *counts* are of the *same nature,* and the *same judgment* is to be given on them all, though the pleas be different—as in case of debt upon bonds and simple contract—they may be joined.—*Saund.* 117, c; 1 *Term Rep.* 276, 277; *Bac. Abr.* tit. Act. in Gen.; *Com. Dig.* tit. Action G.; 1 *Chit. Plead.* 180: *Tidd. Pra.* 11. Assumpsit and debt, (2 *Smith,* 618; 3 *Smith,* 114;) or assumpsit and an action on the case, or for a tort, cannot be joined.—1 *T. Rep.* 276, 277; 1 *Vent.* 366; *Carth.* 189; 3 *B. & A.* 208. Nor assumpsit with trover, (2 *Lev.* 101; 3 *Lev.* 99; 1 *Salk.* 10; 3 *Wils.* 354; 6 *East,* 335; 2 *Chit. Rep.* 343,) nor trover with detinue.—*Willes,* 118.

We see no difficulty in the present case in rendering the *same judgment* upon all these counts. The *first* is upon a judgment recovered in Florida. The *second* is upon an agreement to pay plaintiff two hundred dollars a month for his services, as engineer in the steamer Alabama, for a specified period. The *third* is the same as the *second,* with the exception that the period of service was to be during the next boating season. The *fourth* is for wages due the plaintiff, for services rendered the defendants as engineer, and on their retainer; and the *fifth* is for work and labor, care and diligence, done and bestowed about the business of the defendants at their request, and also for divers materials and other necessary things found and provided at their request. In *other* words, *all* the remaining counts, after the *first,* are for money due for the personal services of the plaintiff, rendered the defendants, and for materials found them.

The objection is, that this cannot be done, as some of these counts are in debt, where the judgment must be for *money;* and some in assumpsit, where the recovery is in *damages.* Upon a careful inspection of the writ, we hold that there is no count in it *in assumpsit.* The line which separates *debt* and *assumpsit* is so very attenuated, that it is not always very easy to fix and define it clearly. One thing is most obvious, namely: that the pleader, with an accurate perception of what essentially constitutes *assumpsit, has studiously avoided it.* Originally, *debt* was the only form of action for money demands; and assumpsit was not generally

introduced as a remedy to recover money, until the latter end of the reign of *Elizabeth* or the beginning of that of *James*, her successor. It is asserted that Slade's case, in 4 *Coke*, is the first to be found, where the Court of King's Bench held that *assumpsit* would lie concurrently with *debt*, for the recovery of money. Since that time, it has crept into such general use, grown into such favor, that the profession begin now to conclude that debt will not lie in cases where, until the beginning of the seventeenth century, it was considered the only remedy.

Elementary writers, who treat of the different forms of actions, state that *debt* is by far the most extensive of those *ex contractu*. Judge Blackstone, in his Commentaries, says, that to maintain debt, the sum must be *certain;* and if there be no *settled amount*, *assumpsit* and *not debt* is the remedy. But such, I apprehend, is much too limited a view of this action. The better and more modern opinion is, that *debt* will lie on all the contracts, express or implied, arising out of the ordinary transactions of life. Lord Mansfield, in *Wallen* vs. *Wilton*, (*Douglas*, 6) says: "Debt may be brought for a sum capable of being ascertained, though not ascertained at the time of the action brought." And Justice Buller, in the same case, observes : " that all the old cases show that whenever *indebitatus assumpsit* is maintainable, debt also is. Till Slade's case, a notion," he says, " prevailed, that on a simple contract for a sum certain, the action must be debt ; but it was held, in that case, that the plaintiff had his election, *either to bring assumpsit or debt*. By the arguments in *Vaughan*, (101,) it seems," continued the learned Judge, "that the doctrine of Slade's case was not approved of at first ; and from the manner in which the statute of 3 *Jac.* 1 c. 8 was penned, it is probable the action of *assumpsit* was not then much in use in such cases. Afterwards, however, it became very general."

Debt and assumpsit lie concurrently, and each in a very succinct form, for *remuneration*, for *personal service*, and *for all the usual money demands.* As I remarked before, whether the writ be actually in one form or the other, is sometimes not only *vexata*, but *vexatissima questio.* If I were asked to describe the hair-line boundary which separates the two, I should find it difficult to do it. The very thing which constitutes the essence of assumpsit, (*i. e.* the *super se assumpsit*,) it is supposed may be omitted, without prejudice to the action. It is this part of the writ which, taken from the forms when pleadings were in Latin, gives it its name, *super se assumpsit et promisit :* that is, the defendant undertook, or more literally, *took upon himself*, and promised. Strike this out, and there is scarcely a distinctive feature of the action left.

The following are simple and compendious forms in assumpsit and debt : " For that whereas, heretofore, to wit: on the ————, the defendant was indebted to your petitioner two hundred dollars, for services as an engineer on a steamboat, then rendered by your petitioner, to the said defendant, as will appear by the annexed bill of particulars, and at his request. And afterwards the said defendant, in consideration of the premises, then *promised* your petitioner to pay him the said sum of money on request."

" For that, heretofore to wit, on the ————, the defendant was indebted to your petitioner two hundred dollars for services as an engineer on a steamboat, then rendered by your petitioner to the said defendant, as

will appear by the annexed bill of particulars, and at his request, to be paid for by the defendant to your petitioner onr equest; whereby, and by reason of the non-payment thereof, an action hath accrued to your petitioner to have and demand the said sum of two hundred dollars."

Here it will be perceived that the shade of difference is so slight, that it would perplex the most dextrous draftsman to say which was *debt*, and which *assumpsit;* and yet these precedents will abide the most searching scrutiny. Had the declaration been demurred to on the ground that, under the judiciary of 1799, the common counts could not be recovered on, it would have been a very different thing. Lord Holt is reported to have said, that he was a bold man who first ventured on these general counts. But this attempt evidences, certainly, a much more striking display of courage under *our judiciary.* But no objection was taken to the suit on that account.

Holding, then, as we do, that all the counts in the declaration are in debt, there would seem to be no defect in the verdict of the jury. Were it otherwise, the motion in arrest of judgment was sustained on the single ground of the misjoinder of incongruous counts. We are left to infer, therefore, from the record, that the other grounds were overruled. At any rate, if the court below expressed no opinion upon them, we have no right to do so.

Judgment reversed.