## 2648.   ADAMS & CO. *v.* SKIPPER.

1. While to reform or amend a note the aid of equity would have to be invoked, and the city court would be without jurisdiction, still there was nothing to prevent the plaintiffs in this case—a suit upon an account for cash advanced, where the defendant defended by introducing notes payable to the plaintiffs, signed by him, which they had surrendered to him, marked "Paid"—from showing that the notes had, by his consent, been included in the account and had only been partly paid, thus explaining his possession of the notes, or from showing that the notes were surrendered through mistake, by proof of any circumstance which might have induced the plaintiffs to surrender the notes under the misapprehension that they had been paid.

2. The plaintiffs are entitled to a new trial, because, if the defendant has received credit upon his notes for any money which should have been applied in extinction of the plaintiffs' account, he is liable therefor as for money had and received, and the amount is recoverable by suit in the city court.

DECIDED MARCH 3, 1911.

Complaint; from city court of Macon—Judge Hodges.   April 23, 1910.

B. T. Adams & Co. brought suit upon an account against G. C. Skipper.   In the itemized statement of account attached to the petition the defendant was charged with three notes and with certain cash advanced, and was credited with certain cash payments, with the result that there appeared to be an unpaid balance due the plaintiffs of $116.19.   The defendant demurred generally to the plaintiff's petition, and also demurred specially upon the ground that the three items charged as notes could not properly be charged on an open account.   The special demurrer was sustained, and the plaintiffs amended their petition by striking from the itemized statement all reference to the notes and credits thereon, and thus leaving the suit to proceed for cash items amounting to $115.91.   At the appearance term the defendant filed an amendment to his answer, amplifying the statements in the original answer, and specifically pleading payment, and setting forth the dates and amounts of certain payments, aggregating $150.42.   This amendment was filed with the clerk at the appearance term, but was not formally allowed until the trial, and, even when allowed by the judge, the attention of the court was not called to it in open court by the defendant's counsel, and the plaintiff's counsel did not know that the amendment had been allowed, until after the case was submitted to the jury.   The verdict

was for the defendant, and the plaintiffs assign error upon the refusal of the court to grant a new trial.

It is complained that the court erred in admitting in evidence a note for $111.29, made February 29, 1908, to which the plaintiffs objected on the ground that it was "not a part of the same transaction." It appears that this note was executed by William Graves, and that the defendant was simply security. Objection was made also to the testimony in regard to this note; also to a note for $101.10, due October 1, 1908, upon the ground that it was irrelevant and had no connection with the case. It is assigned as error that the court failed to charge the jury in regard to the amendment allowed to the plaintiff's petition, to which we have referred, and that the court erred in charging: "The defendant denies he is indebted to the plaintiffs in any sum whatever. The defendant further says that he was never indebted to the plaintiffs during the year 1908, save and except as evidenced by promissory notes delivered by the defendant to the plaintiffs, one note for $176.25, due November 1, 1908, and one for $104.50, due October 15, 1908, and one for $78.25, due December 1, 1908. The defendant contends that he paid each and all of said notes at their maturity, and they were marked 'Paid,' and surrendered to him, and they are now and have been ever since in his possession. He further says that he was never indebted to the plaintiffs in the items of October 17, 1908, as stated by the plaintiffs, but he says said items of cash, $39.50 and $26.10, and the $50, did not consist of money loaned by the plaintiffs to the defendant; but, on the contrary, said items consisted of money which arose from the sale of defendant's cotton, which cotton was sold by the plaintiffs, and the proceeds of the sale of said cotton was the property of the defendant, and was paid to the defendant by the plaintiffs, as the plaintiffs were in duty bound to do. The defendant further contends that he has fully paid to the plaintiffs all of his indebtedness, having made payments in cash to the plaintiffs on the debt, and in sums as set out in the plea, which you will have out with you for consideration." Exception is also taken to the instruction of the trial judge that if, in the settlement or payment or adjustment of the account between the parties, the plaintiffs made a mistake as to what was due them by the defendant, "such a mistake could not be rectified and corrected in this court [the city court of Macon] in this case;" also to the instruction

that "if the defendant paid to the plaintiffs all plaintiffs claimed to be due them, and plaintiffs canceled and surrendered all of the notes contended for by the defendant on such indebtedness and claim, the plaintiffs can not recover, even if the plaintiffs made a mistake as to the correct balance due on the notes." And it is complained that the court recharged the jury to the same effect after they had been for some time considering the case and had asked for information from the court upon that point. The plaintiffs also complain that the judge refused to instruct the jury, as requested in writing (after the jury had retired and returned, asking to be recharged), to the effect that if the jury should find from the evidence and the pleadings that said suit was based upon an open account for cash advanced, and which was due regardless of the notes or the error made by the credit of three bales of cotton, then the plaintiffs would be entitled to a verdict for $115.61, with interest from October 17, 1908.

*F. R. Martin,* for plaintiffs.

*John P. Ross,* for defendant.

RUSSELL, J. (After stating the foregoing facts.) We think the court erred in refusing to grant a new trial. Without unnecessarily considering seriatim the several grounds of the motion for a new trial, it is sufficient to say that it is more than probable that the plaintiffs were prejudiced by the twice-repeated instruction of the court to the effect that the city court of Macon could not correct any mistake, if any was made, in connection with the settlement of the notes given by the defendant to the plaintiffs and the subsequent delivery of the notes by the plaintiffs to the defendant. Under the pleadings and evidence in this case, it was not a question of correcting any mistakes in the execution of the notes, or of reforming those instruments so as to make them conform to the intention of the maker or of the payees, and therefore the instructions of the court were calculated to mislead the jury; and it is evident, from the question asked by one of the jurors on the jury's return into court for further instructions, that they were misled, to the prejudice of the plaintiffs' rights. While to reform or amend a note the aid of equity would have to be invoked, and the city court would be without jurisdiction, still there was nothing to prevent the plaintiffs in this case, when the defendant proceeded to defend against the suit by introducing notes payable

to them, signed by him, which they had surrendered to him, marked "Paid," from showing that the notes had, by his consent, been included in the account sued on, and had only been partly paid, thus explaining his possession of the notes, or from showing that the notes were surrendered through mistake, by proof of any other circumstance which might have induced the plaintiffs to surrender them under the misapprehension that they had been paid. The possession of the notes by the defendant raised only a prima facie presumption that they had been paid. This presumption was subject to be rebutted. Hence, as stated above, the question in the case was not one of correcting a mistake in the notes, or of asking that they be returned to the possession of the plaintiffs. The issue which should have been submitted was whether all of the payments made by the defendant, or for his benefit by his tenants and croppers, were sufficient in amount to pay the notes and the account. And the jury should have been permitted, if they found that any credit (even without the consent of the defendant) had already been applied upon the notes, to say that it should not be allowed as a credit the second time upon the plaintiffs' account. We do not mean to say that the jury were required to find that the plaintiffs ever made the advances to the defendant which they claimed. The defendant denied that they ever advanced him any cash other than that included in the notes, and it may be that the jury would have found that to be the truth of the transaction. But it was error, requiring the grant of a new trial, for the jury to be told (even if they believed that cash advances were made and that all payments made by the defendant had been credited upon his notes, instead of upon the account) that if the plaintiffs surrendered the notes, this mistake, or any other mistake which they might find to have occurred in the course of the settlement, could not be corrected, for the reason that the city court of Macon is without equitable jurisdiction.

A review of the evidence makes it apparent that the jury must have found for the defendant upon the theory that there was a mistake in the settlement at the time of the surrender of the notes, but that they could not inquire into this, because the sum total of the payments made by the defendant, as testified to by himself, was not sufficient to discharge both the notes and the cash advances; and yet, as it exceeds by several dollars the cash which the plain-

tiffs claim to have advanced, under the defendant's view of the case, the jury should have returned a verdict in favor of the defendant and against the plaintiffs for the overplus. Again, the defendant does not deny that he was credited upon the plaintiffs' books with half of the proceeds of the sale of the cotton delivered by Mary Yorke to the plaintiffs as factors, as well as with 3 other bales, of which the sum of $58.09 represented only one half. In other words, the testimony that the defendant received credit for 4½ bales of cotton on account of Mary Yorke, instead of 3 bales, is not disputed. It may be that it can be disputed; but, under the charge of the judge, as the witness admitted that this erroneous credit was due to a mistake, the jury could not consider the testimony in behalf of the plaintiffs upon this point.

There were no exceptions pendente lite to the judge's order sustaining the demurrer, and no exception is taken thereto in the main bill of exceptions, and consequently the ruling of the judge upon that point can not be considered by this court. It is the law of the case. The judge did not err in admitting in evidence the notes signed by the defendant, for the plaintiffs had the right to show that the notes were not involved in the particular settlement under investigation, or that the defendant was merely a security; but in making out his defense the defendant had the right to show that he received no cash advances except such as were represented by notes, and to show any notes which he may have paid. Of course, if the notes upon which his name appears, apparently as joint maker, are not shown to have been paid by him, they would be irrelevant. Nor do we find any error in the allowance of the amendment to the defendant's answer, of which the plaintiffs have a right to complain. It was in the power of the judge to formally allow the amendment, which had been filed some months previously, and he could enter his order allowing the same at any time during the progress of the trial. The amendment did not give the defendant any wider scope in the admission of the testimony than he already had under his original pleading, except as to the statement in regard to payments; and no doubt, if objection had been made that there was nothing in the defendant's original answer in relation to the payments, the plaintiffs would have become informed of the allowance of the amendment. As the other alleged errors of which complaint is made are

not likely to recur upon the next investigation of the case, they need not be discussed.

.The plaintiffs are entitled to a new trial, because, if the defendant has received credit upon his notes for any money which should have been applied in payment of the plaintiffs' account, he is liable therefor as for money had and received, and the amount is recoverable by suit in the city court.          *Judgment reversed.*