### HARRELL *v.* BLACKSHEAR MANUFACTURING COMPANY.

ATKINSON, Presiding Justice. 1. In a suit to enjoin exercise of a power of sale contained in a security deed, a verdict was returned in favor of the defendant for recovery of the amount of a note set up by the answer in the nature of a cross-action. Under the pleadings and evidence two questions were raised, first, whether the note was procured by fraud, and, second, whether the note had been paid. *Held:*

(a) An adverse finding on either question would have defeated the defendant's cross-demand.

(b) The charge: "The court charges you that if you should find that Mr. Harrell knew that he was signing the note sued upon, and knew that he was signing the extension agreement, if you find from the evidence that he knew that, then your deliberations in this case would stop there, and you should find a verdict in favor of the defendant, the Blackshear Manufacturing Company, for the amount sued for," as complained of in the fourth ground of the plaintiff's motion for new trial, considered with its context, was confusing as tending to exclude the question of payment dealt with in other parts of the charge.

(c) It was erroneous, as complained of in grounds 6 and 12 of the plaintiff's motion for new trial, to charge in such manner as to confuse the two questions and as tending to make voidance of the note for fraud in its procurement depend also on payment.

2. The charge complained of in the fifth ground of the motion for new trial, relating to consideration of evidence, was inaccurate as stating part of the provisions of the Code, § 38-107, referring to that subject, and omitting part. As a new trial will result from the decision on other grounds of the motion, no ruling will be made as to the sufficiency of the inaccuracy to require a new trial.

3. The judge charged concretely the law of fraud as applicable to the issues under the pleadings and the evidence. If further instructions on

the subject had been desired, as set forth in grounds 7 to 11 inclusive of the motion for new trial complaining of omissions to charge, they should have been requested.

4. As the judgment will be reversed for errors complained of in special grounds of the motion for new trial as indicated above, no ruling will be made upon the assignment of error relating to the general grounds.

*Judgment reversed. All the Justices concur.*

No. 12530. FEBRUARY 16, 1939.

*S. Thomas Memory* and *Heath & Heath,* for plaintiff.
*Memory & Memory,* for defendant.