BLACKSHEAR MANUFACTURING CO. *v.* HARRELL.

No. 13343.   DECEMBER 3, 1940.   REHEARING DENIED DECEMBER 13, 1940.

*Memory & Memory,* for plaintiff in error.

*Heath & Heath* and *S. Thomas Memory,* contra.

ATKINSON, Presiding Justice.   1.   The assignments of error based on the general grounds of the motion for new trial are abandoned.

2.   Under the Code, § 20-1004, "bank checks and promissory notes are not payment until themselves paid;" and a promissory note taken in renewal of a previous note, or for a balance due on such note or an account, will not, until that note is actually paid, operate as a payment, or operate as an accord and satisfaction or novation extinguishing the previous note or indebtedness, unless the parties so agree. *Belmont Farm* v. *Dobbs Hardware Co.,* 124 *Ga.* 827 (53 S. E. 312) ; *Standard Cooperage Co.* v. *O'Neill,* 146 *Ga.* 235, 237 (91 S. E. 82). Under the defense of the maker that a last note, given in transactions between the debtor and creditor, had been fraudulently obtained, and in the absence of any evidence of agreement between the parties that such note should operate as a payment, accord and satisfaction, or settlement of a previous note and alleged indebtedness, the mere taking of the last note would not extinguish the previous obligation or any previous indebtedness.

3.   Where, as in this case, after delivery of a last note by the debtor to the creditor, the creditor returned the previous note to the debtor with the mere statement, "a new note having been given us, we are returning your old note," and the debtor attacked the last note as having been fraudulently obtained, the fact that the

old note had been surrendered and was in the hands of the debtor would not prevent the creditor from recovering on the old note or indebtedness, unless the new note, or the old note or indebtedness covered thereby, had been actually paid. *Hodges* v. *Smith,* 118 *Ga.* 789 (3) (45 S. E. 617); *Standard Cooperage Co.* v. *O'Neill,* supra; *Schneider Marble Co.* v. *Knight,* 37 *Ga. App.* 646 (4) (141 S. E. 420); *Adams* v. *Skipper,* 9 *Ga. App.* 123, 126 (70 S. E. 692).

4. One having the right to sue upon a promissory note, or upon the original indebtedness such as a book account or an account stated, may properly join these causes of action in one complaint; the two claims are not inconsistent, and no election is required if only one recovery is sought. 8 Am. Jur. 537, § 915, and cit.; 4 Am. Jur. 524, §§ 38, 39. But where a party sues only on a sealed instrument or special contract, without any of the so-called common counts, such as on a quantum meruit or for money paid or had and received, he must recover on the cause of action as laid in his pleading, and can not recover on such an unpleaded common count. *Frierson* v. *Fincher,* 134 *Ga.* 113 (67 S. E. 541); *Seaboard Air-Line Ry. Co.* v. *Henderson Lumber Co.,* 28 *Ga. App.* 391 (111 S. E. 220), and cit.; 4 Am. Jur. 530, 531, §§ 45, 47; 7 C. J. S. 132 (§ 26, c). Nothing was held to the contrary in *Strickland* v. *Parlin & Orendorf Co.,* 118 *Ga.* 213 (1, 4) (44 S. E. 997), where suit was brought on a contract of purchase of certain goods *and* on promissory notes given, in accordance with the contract, as evidence of the indebtedness thereon; and it was held that fraud in procuring the notes was no defense when the notes amounted to no more than a compliance with the previous valid contract, and the debt itself had never been paid. Nor in the previous decision of this case (*Harrell* v. *Blackshear Mfg. Co.,* 187 *Ga.* 531, 1 S. E. 2d, 440) was anything held contrary to the preceding rulings. The original cross-action of the defendant creditor merely declared upon a last note, which the debtor attacked as fraudulent, without in any wise setting forth or seeking to recover on the previous note and alleged indebtedness included in the last note. The case was tried and submitted to the jury on the issues of fraud and payment as affecting the right to recover only on the last obligation. It was decided in this court on the pleadings as laid and the issues as tried and submitted. After the reversal of the judgment in favor of the creditor, for the first time it sought by express amend-

ment of its cross-action to recover on the previous note and indebtedness; and for the first time the questions raised by this amendment and the evidence and charges as related thereto are now before this court. Accordingly, as to such questions, the previous decision is not the law of the case.

5. The plaintiff debtor filed an equitable petition against a creditor to enjoin a sale under a security deed and to cancel the deed, which purported to secure a note dated November 10, 1930, for $175.80 and other existing and future indebtedness, on the ground that this note and all indebtedness had been fully paid, and the note had been returned to the plaintiff. In its answer the creditor set up that it was enforcing a different note, dated March 3, 1932, for $166.94, which was unpaid; and by cross-action it sought a recovery "on the note." By amendment, the debtor alleged that the $166.94 note had been fully paid, and that this note had been fraudulently obtained. On the first trial the defendant creditor obtained a judgment on the $166.94 note. After the reversal by this court, the defendant amended its cross-action by setting up that there was a third note, executed March 17, 1931, for $212.80, and that when the $166.94 note was executed there was a balance of indebtedness due of that amount, which the last note covered; and it amended its prayers by seeking a recovery "on the aforesaid indebtedness." The creditor conceded, as the debtor alleged, that the $175.80 note had been paid. Under the original cross-action the creditor's claim for recovery involved only the $166.94 note; but under the amendment its claim involved the alleged balance due on the $212.80 note and the balance of indebtedness in the same amount as the $166.94 note, without any claim on the original $175.80 note, which admittedly was paid and surrendered. The court charged the jury as follows: "If you should further find from the evidence or from admissions made by the defendant [creditor] that plaintiff [debtor] had paid defendant all sums due on the *$175.80 note,* dated November 10, 1930, secured by plaintiff's security deed bearing the same date, then you would be authorized to find in favor of the plaintiff, provided that you find the note for $166.94 and the extension agreement was procured through fraud by the agents of the defendant company. If they were not procured through fraud and they were taken justly and without fraud, then, gentlemen, of course you could find for

the defendant in the case the full amount sued for." Exception is taken to this instruction as calculated to mislead and confuse the jury, and as excluding from their consideration the cause of action pleaded in the creditor's amendment, whereby it sought recovery for the $166.94 balance on the $212.80 note and previous indebtedness, covered by the $166.94 note. Exception is also taken to the failure to charge, without request, as to the issue raised by such amendment. *Held:*

(*a*) The effect of this instruction was to charge the jury to find for the debtor in the event the $175.80 note had been paid, provided they should also find that the $166.94 note had been fraudulently procured, although the creditor admitted the payment of the surrendered $175.80 note, and by the original cross-action sought judgment on the $166.94 note which the debtor claimed was procured by fraud, and by the amendment sought to recover for the same indebtedness, but as a balance due on the $212.80 note, for which balance the $166.94 was a renewal. As set forth in its exception, the creditor sought a recovery on this indebtedness if it should be found that "the note for $166.94 and the extension agreement . . were procured by fraud." Under the preceding rulings, the instruction was erroneous, since it nullified the effect of the amendment, and since under the amendment the creditor would be entitled to recover any unpaid balance on the $212.80 note, even though the $166.94 renewal note given therefor might have been fraudulently procured.

(*b*) The judgment being reversed on the instruction given, it is unnecessary to decide whether or not, in the absence of a request, it was reversible error to fail to charge at least the essentials of the creditor's amendment seeking to recover on the previous $212.80 note and indebtedness, and upon that issue.

6. There is no merit in any of the remaining special grounds: that the court erred in failing to charge on a subordinate question of estoppel, where there was no pleading either expressly or by statement of necessary facts as to such estoppel and no request to charge thereon; or in admitting alleged irrelevant testimony as to the positions or occupation of the plaintiff (70 C. J. 762, § 919, and cit.). Nor was there merit in the exception to exclusion from evidence of a written statement prepared by a witness for the creditor, summarizing the notes, payments, and history of the transac-

tions in question, according to the contentions of the creditor, where the instruments and records themselves were or could have been brought before the jury, and where in the circumstances it was their province to draw their own conclusions from the oral testimony and documentary evidence. The statements were not of the character shown in *Elder* v. *Atlanta Dental College,* 183 *Ga.* 634 (4), 643 (189 S. E. 254), where a tabulation "from the books and records" was held admissible. That case involved matters of audit and of a complicated nature extending over a period of fourteen years. Such a tabulation was held necessary in order to "figure out the information about which there was a dispute."

*Judgment reversed. All the Justices concur.*