29804.   BRADDY *et al. v.* W. T. RAWLEIGH COMPANY.

D<small>ECIDED</small> M<small>ARCH</small> 19, 1943.

*Blackshear & Blackshear,* for plaintiffs in error.

*William Brunson, Al Hatcher, Lester F. Watson, J. A. Merritt,* contra.

MacIntyre, J. The original suit was in the usual form of a suit on a promissory note, and when the amendments were allowed the suit was on an "indebitatus-assumpsit count" for one debt, and only one—a single indebtedness. The petition alleged that the defendants were indebted to the plaintiff in a named sum on the unsealed note, on an account stated, and on a pre-existing debt on a written contract which had been fully performed on the plaintiff's side, and nothing was to be done except for the defendants to make

174

a money payment. *Tumlin* v. *Bass Furnace Co.,* 93 *Ga.* 594, 599 (20 S. E. 44). The amendments were properly allowed. *Bartow Guano Co.* v. *Adair,* 29 *Ga. App.* 644, 648 (116 S. E. 342); *Kraft* v. *Rowland,* 33 *Ga. App.* 806 (2) (128 S. E. 812). Where the plaintiff is thus using the "common count," and charging the defendants with a *single indebtedness,* which may have been evidenced in one or more ways, as here alleged in the "common count," the petition is not subject to demurrer for the reason that there is a misjoinder of parties and causes of action. None of the several ways is repugnant to each other. No election is necessary. 1 Chitty on Pleading, 466; Andrews' Stephen's Pleading, 86; *Blackshear Manufacturing Co.* v. *Harrell,* 191 *Ga.* 433 (12 S. E. 2d, 328).

At the trial the plaintiff could have recovered by proof of the indebtedness evidenced in any one of the several ways. Under such a common count, the plaintiff can not be required to elect in which of the particular ways such indebtedness was promised, but proof of any one of the ways will entitle it to recover. In other words, if it proved all of the ways it would be allowed to recover only $735.54, plus interest; and if it proved only one of the ways it would still be entitled to recover the same amount. Thus, if it proved the indebtedness in one, two, or all of the several ways, it could recover only for a single debt in the same amount. *Blackshear Manufacturing Co.* v. *Harrell,* supra. See *Cody* v. *Stale,* 118 *Ga.* 784 (45 S. E. 622); *Mahaffey* v. *Petty,* 1 *Ga.* 261; *Hancock* v. *Ross,* 18 *Ga.* 364. The note was one of the three ways the plaintiff sought to prove that the defendants promised to pay for goods sold and delivered. And if it failed to prove one of them by failing to introduce the note in evidence, even though it had to account for the note, it could still recover by proof of one of the other methods pleaded in the common count, these being methods permitted by the law of pleading. To illustrate: Suppose the plaintiff had lost the note the day before the trial, it would neither have to strike that part of the common count which depended on its proof by the introduction of the note, nor would it have to establish the note, even though it would have to account for it; but it could otherwise proceed and prove the debt by any one of the other methods alleged in the common count. Thus in the instant case, even though the only witness for the defendants testified that

the note was conditionally delivered, he further testified that the amount sued for was the correct amount which the defendants had failed to pay for goods sold and delivered under the sale contract. If the note referred to in the common count was past due at the time of the bringing of the suit, and was exhibited to the defendants during the trial, or the original note was attached to the petition, this would ordinarily be an accounting for the note by showing that it was not in any event enforceable against the defendants.

We think the judge did not err in overruling the general demurrer and in directing the verdict for the plaintiff. See *Branch* v. *American Agricultural Chemical Cor.*, 22 *Ga. App.* 52 (95 S. E. 476).

*Judgment affirmed.* *Broyles, C. J., and Gardner, J., concur.*