CARY J. THORNTON, by W. S. WALLACE, for movants.

J. M. MOBLEY, *contra.*

---

\* GREEN & COMPANY *vs.* JACKSON & COMPANY.

Green & Co. contracted with the city of Augusta to construct sections 1, 2, 3, 4, and 6, of the enlargement of the canal. It was agreed that the engineer in charge (who was in the employment of the city) should in all cases decide the amount or quantity of the several kinds of work to be paid for under the contract, and the amount of compensation to be paid therefor, and that his estimate and decision should be final and conclusive. Prices were fixed by the contract for different kinds of work, and it was especially agreed "for hard pan and wet excavation to be classified by said engineer, from 40 to 80 cents per cubic yard," in addition to other prices, at the engineer's discretion. When completed, the engineer shall classify the same in writing under his hand, together with his estimate, etc.

Green & Co. sub-let a portion of this work to Jackson & Co., upon the

*No reports or opinions are published in the following cases, under provisions of act of March 2d, 1875

same terms as are provided in the original contract; the manner of doing the work to be under the direction of the said engineer—the amount of work to be estimated monthly by the engineer, and upon his estimate Green & Co. promised to pay monthly that amount, less 20 per cent:

1. *Held,* that Jackson & Co. were bound by the terms and stipulations of the original contract between Green & Co. and the city of Augusta, and by the decision and award of the engineer *prima facie.*

2. That the award of the engineer was binding on the parties except for fraud, and before Jackson & Co. could annul the same on that account, the city of Augusta and Green & Co. should be parties, and the evidence should show that Green & Co. were connected with such fraud.

3. A declaration in attachment founded on the award of the engineer, cannot be amended by alleging that said award is fraudulent, and seeking to set the same aside, the same being a distinct cause of action *ex delicto.*

4. When during the progress of the work Jackson & Co. were acquainted with the facts which they allege constituted the fraud, and had the right under the contract to give up the work, but did not exercise it, and continued to do the work and receive the pay on the estimates of the engineer, according to agreement, each month, this is proof of acquiescence in the correctness of the award.

HAWKINS, Justice.