PRITCHARD *vs.* SMITH, STEWART & COMPANY.

77  463
98  470

Suit was brought in a justice's court on an open account for goods sold and delivered. The defendant pleaded that the account was settled by giving his promissory note, which was by agreement taken in satisfaction of the account; that the place of payment specified in the note was altered by the plaintiffs intentionally and to defraud defendant; and that thereby not only the note but the whole contract became void. It was admitted that plaintiffs made the alteration in the note for their own convenience, but it was denied that it was done fraudulently or was material. It appeared in evidence that plaintiffs wrote defendant that the note was in the bank where it was deposited; that he replied, promising to pay it if it were sent to the place where it was originally made payable, which was done; and that he then refused payment solely for the reason that it had been altered. It was admitted that the goods had never been paid for. There was no conflict as to the fact of the alteration or the facts from which fraud was sought to be inferred, and no proof of any express agreement that the note should be in payment of the account. From a verdict in favor of the defendant a *certiorari* was taken. The judge sustained it and ordered a judgment for the plaintiffs for the amount of the account:

*Held*, that this was not error.

(*a.*) Generally bank checks and promissory notes are not to be deemed payment until they are themselves paid.

(*b.*) There being no controversy as to the facts, the materiality of the alteration and the intention with which it was done became questions of law to be decided by the court.

(*c.*) Protest and notice are not necessary to fix the liability of the maker of a promissory note, even though payable on its face at a bank or banker's office, or when discounted or left for collection there. *Aliter*, where an endorser, or one not primarily liable, is to be charged.

November 23, 1886.

Promissory Notes. Fraud. Contracts. *Certiorari.* Justice Courts. Before Judge CARSWELL. Washington Superior Court. March Term, 1886.

Reported in the decision.

EVANS & EVANS, for plaintiff in error.

J. C. HARMAN, for defendants.

HALL, Justice.

This suit was brought in a justice's court upon an open account for a quantity of tobacco sold and delivered by Smith, Stewart & Company to the defendant, Pritchard, who defended upon the ground that the account sued on was settled by his promissory note, which, by agreement with the plaintiffs, was taken in satisfaction and payment of the same; that the note he gave was payable at Tennille, and "Tennille" was stricken therefrom by the plaintiffs, and in lieu thereof they inserted the "First National Bank at Macon, Georgia;" that this alteration was intentionally made by them, and without his knowledge and consent, in a material part of the contract, with intent to defraud him; and therefore he insisted that not only the note, but the whole contract, became and was void. It was admitted on the trial that the alteration was made in the note by the plaintiffs, but they denied that it was material, or that it was done with intent to defraud the defendant, but averred that it was simply for their own

convenience in making collections. It appeared in evi-
dence that they wrote to the defendant that the note was in
the First National Bank at Macon, and asked payment:
he in reply promised to pay if they would send the
note to Tennille, which was accordingly done, and upon its
presentation at that place, he refused to pay it solely for
the reason that it had been altered ; it was admitted that
he had never paid for the tobacco sold and delivered to
him. The justice of the peace, before whom the case was
tried, gave judgment for the defendant, from which the
plaintiffs appealed to a jury in that court, who, upon the
trial before them, returned a verdict in his favor. From
this a *certiorari* was sued out, and upon its hearing the
judge of the superior court sustained it and set aside the
judgment entered on appeal in the justice's court, and or-
dered a judgment to be rendered for the plaintiffs for the
principal and interest due on this account, together with
the cost of suit.

To this decision the defendant excepted and brought
the case to this court by writ of error. Defendant excepts
specially to the direction given by the judge to enter
judgment in favor of the plaintiffs, because he insists that
the errors complained of were not errors of law solely,
which must finally govern the case, but there were ques-
tions of fact involved that rendered it necessary to send it
back to the justice's court for another hearing. Code,
§4072. As instances of disputed facts, he alleges that
there was a conflict of evidence upon the point that his
note was received in payment and satisfaction of the ac-
count it was given to liquidate, and that there was a dis-
pute as to the materiality of the alteration made in the
note and the fraudulent intent with which it was done.
As to the first specification, we are compelled to say, from
a careful examination of this record, that we can discover
nothing to take this case out of the general rule that bank
checks and promissory notes are not to be deemed pay-
ment until they are themselves paid. Code, §2867, and

citations.    The testimony had on the trial discloses no express agreement, or any resembling it, on the part of the plaintiffs to receive the note of defendant in satisfaction and payment of the debt due from him to them.    He may have implied as much from the undisputed facts and circumstances attending the transaction, but such an implication, however honestly entertained, is no substitute for the express agreement required to make the note a payment of the demand.*    There is no controversy as to the alteration of the note given in settlement of the account, and none as to the facts from which a fraudulent intent in making it is sought to be deduced.    This being so, the materiality of the alteration and the intent with which it was done become questions of law to be decided by the court.

We are satisfied that protest and notice, as was so earnestly and plausibly contended by the able counsel for the defendant, are not essential to fix the liability of the maker of a promissory note, even though it be made payable on its face at a bank or banker's office, or when it is discounted at a bank or banker's office, or when left at either for collection, although it is otherwise in either case where an endorser, or one not primarily liable, is to be charged. Code, §2781, and citations.    Such being the case, the intent with which the alteration is made becomes immaterial.    Therefore there was no error in the court's rendering final judgment on the hearing of this *certiorari* and the return thereto in favor of the plaintiffs.    Code, §4072, and citations.

Judgment affirmed.

*See 20 Am. Dec. 462n.