## NORTON *v.* PARAGON OIL CAN CO.

1. Where a partnership, composed of two persons, was indebted upon an open account, and on the day the partnership was dissolved one of the partners, with the knowledge and consent of the other, mailed his individual promissory note to the creditor for the purpose of settling the account, this of itself was not a payment of the account, unless the note was accepted as such by the creditor.

2. A mere statement by the creditor in a letter acknowledging receipt of the note, to the effect that if the same should be paid at or before its maturity it would be accepted in payment of the account, and his retention of the note until after its maturity, he being ignorant of the dissolution of the partnership, would not extinguish the account; nor would its extinguishment result from the fact that the creditor, before the maturity of the note, discounted or otherwise used it, the note having been dishonored and the creditor having been compelled, after protest, to again take it up.

**3.** Under the law and the facts of this case, both the defendants were liable to the plaintiff; and the verdict being against one only of them, the court did not err in granting the plaintiff a second new trial.

May 19, 1896. By two Justices. Argued at the last term.

Complaint.    Before Judge Harris.    City court of Floyd county.    June term, 1895.

*Fouche & Fouche,* for plaintiff in error.
*Rowell & Rowell,* contra.

LUMPKIN, Justice.

The Paragon Oil Can Company brought suit upon an open account against Howell & Norton, a partnership, alleging in its declaration that Howell, one of the partners, "in furtherance of said partnership indebtedness," had given to plaintiff a promissory note which had never been paid; that this note was taken from Howell before any dissolution of the partnership, or notice thereof to plaintiff, and was taken and accepted with the distinct understanding and agreement at the time, between plaintiff and the defendants, that it was not to be in any way a release of the partnership liability, "only so far as and until said note should be paid." Norton, by his plea, denied that there was any such understanding as to the note, and alleged that the same was accepted in full settlement of the partnership indebtedness to the plaintiff. There was a verdict against Howell alone, and the plaintiff's motion for a new trial having been granted, Norton excepted.

It appears from the evidence, that on the day the partnership was dissolved Howell mailed his individual promissory note to the Oil Can Company, and in a letter accompanying the same asked that it accept the note in settlement of its bill against the partnership, promising in the letter that the note would be promptly met at or before its maturity. In reply, the Oil Can Company stated, in effect, that it would accept the note as a settlement of the account, if it was paid before due or when it became due. Other cor-

respondence ensued between the parties, from which it can be gathered that the Oil Can Company had no intention of relinquishing its demand against the partnership of Howell & Norton, or of ever accepting the note above mentioned as cash. It also appears that the company, being ignorant of the fact that the partnership had dissolved, retained the note until after its maturity; had discounted or otherwise used it in bank before it became due; and upon its dishonor, had been compelled to again take it up.

1. The general rule is, that "bank checks and promissory notes are not payment until themselves paid." Code, §2867. Whether or not the receipt of a promissory note amounts to the payment of a pre-existing indebtedness depends upon the intention of the parties. "A bill, acceptance, or note of the debtor or a third person, is not an extinguishment of the original demand, unless there is an express agreement to receive it as payment." *Cotton Gin Company* v. *Black,* 71 *Ga.* 450, 456, citing *Weaver* v. *Nixon & Wester,* 69 *Ga.* 699. Of course if it affirmatively appears that in accepting a promissory note there was no intention of taking it as a payment of a pre-existing account, it cannot be said that the account was paid. See, also, *Pritchard* v. *Smith & Company,* 77 *Ga.* 463. In *Stone* v. *Chamberlin & Bancroft,* 20 *Ga.* 262, it appeared that a note given by one of the partners in settlement of a debt due by the firm was executed after dissolution, which fact was known to the plaintiff, and that all of this was done without the knowledge or consent of the other partner. The court, while recognizing the general rule as laid down in the present case, were of the opinion that under the circumstances there shown, the partner last referred to was exonerated. In *Chamberlain & Bancroft* v. *Stone,* 24 *Ga.* 310, it was again held that where the holders of a promissory note executed by a partnership renewed it with one of the partners after a dissolution of the partnership, and extended the day of payment without the knowledge of the

other partner, the latter was discharged. Some stress is laid upon the circumstance that the renewal was after dissolution and that one of the partners was kept in ignorance of the transaction. See, also, *Louderback & Company* v. *Lilly & Wood*, 75 *Ga.* 855.

In the present case, the note was given on the day of the dissolution, and apparently with the knowledge and consent of Norton. In *Mosely et al.* v. *Floyd et al.*, 31 *Ga.* 564, the facts of which are somewhat complicated, it seems that the note in question was really accepted as a payment, the intention to thus accept it being manifested by a receipt in which the note was treated as cash. In Tyner *v.* Stoops, 71 Am. Dec. 341, s. c. 11 Ind. 22, it was held that an individual note of one partner, given to a firm creditor and payable at maturity of the firm debt, was merely a promise by the maker to pay the debt of the partnership, and that the creditor was not barred from suing the partnership because of his *laches* in not collecting the note before the maker's insolvency. The decision was rested upon the doctrine that the mere taking of the promissory note from one of several joint debtors was not a discharge of the debt, unless such was the express agreement.

2. Neither the retention of the note until after its maturity, nor discounting it or otherwise using it in bank, resulted in an extinguishment of the original account, it appearing that after the note was dishonored the Oil Can Company again took it up and had it in their possession before bringing the present action. A note will not be a payment or a discharge of the original debt, though the holder discount it, if he afterwards has to pay it. 2 Parsons on Notes & Bills, 155, 156. "If a note be taken by a creditor, who indorses the note and gets it discounted at bank for the benefit of the drawer, and afterwards has to take it up again after protest, this is not such a parting with the note as makes it an extinguishment of the prece-

dent debt." Kean v. Dufresne, 3 S. & R. 231. And see Burden v. Holton, 4 Bing. 454.

3. We think, under the undisputed facts of the present case, both of the defendants were liable to the plaintiff; and as the verdict discharged one of them, the plaintiff was entitled to another trial, notwithstanding the fact that a previous new trial had been granted to it.

*Judgment affirmed.*