## HODGES *v.* SMITH.

1. Where a case was carried by certiorari from a county court to a superior court, and it appears that on the trial in the county court the plaintiff demurred to the plea filed by the defendant, but that plea is not contained in the certiorari record and is not embraced in the record sent to this court, it is impossible to pass upon the demurrer thereto.
2. The defendant in a suit by attachment may appear and plead at any time before final judgment is rendered; and this is so whether the property attached has been replevied or not.
3. Where one sold property to another taking a promissory note which was not paid at maturity, the seller was not obliged to sue on the note, but had the privilege of suing on open account for the agreed purchase-price of the property sold, it appearing that the purchaser had regained possession of the note.

Submitted October 6,—Decided October 29, 1903.

Certiorari. Before Judge Seabrook. Effingham superior court. January 13, 1903.

*D. H. Clark, J. K. Hines*, and *R. B. Blackburn*, for plaintiff.
*Wilson & Rogers*, for defendant.

CANDLER, J. On December 16, 1901, Hodges sued out an attachment against Mrs. Smith in the county court of Effingham county, and at the January term, 1902, of that court, he filed his declaration in attachment, in which he sued on open account for $230, alleged to have been due the plaintiff for the purchase-price of two mules. At the April term, 1902, which was the trial term

of the case, " the defendant appeared in person and by attorney, . . . and filed a plea denying any indebtedness to plaintiff." This plea was not made a part of the record brought to this court, and is not before us. When the case was called for trial, counsel for the plaintiff moved that the case be marked in default, " upon the ground that no answer or plea had been filed at the first term of said court, nor had any appearance, by attorney or in person, been made by defendant at said first term." This motion was overruled, as was also a demurrer to the plea. " Plaintiff then moved to strike said defendant's plea, upon the ground that it had not been filed at the January quarterly term, 1902, of said court, and had not been filed until the April term of said court, the ground of the motion being that, inasmuch as the defendant had replevied the property, the case proceeded as a case at common law, and the answer ought under the law to have been filed at the first term of said court." This motion was also overruled. The case then proceeded to trial, and at the conclusion of the plaintiff's evidence the court, on motion, granted a nonsuit. The plaintiff carried the case to the superior court by certiorari, which was overruled, and he excepted.

1. The plea filed by the defendant in the county court not having been brought to this court in the record, it is of course impossible for us to pass on the demurrer thereto, or to say that the court erred in overruling it.

2. By the Civil Code, § 4558, it is provided that the defendant in an attachment case " may appear by himself or attorney at law, and make his defense at any time before final judgment is rendered against him." This section has been construed and applied repeatedly by this court. See *Kimball* v. *Nicol,* 58 *Ga.* 175 ; *Southern Pacific Co.* v. *Stewart,* 88 *Ga.* 13. In the first of the cases cited, the defendant was allowed to appear and plead even after a judgment in personam had been taken against him, the plaintiff having failed to take a special judgment against the property. It is argued, however, by counsel for the plaintiff, that inasmuch as the defendant had replevied the property, the case was taken out of the rule laid down in the code section referred to, and that she was obliged to plead at the first term, as in cases at common law. We do not think this position is tenable. The case of *Richmond & Danville R. Co.* v. *Mitchell,* 95 *Ga.* 84, which is relied upon by counsel

as authority for the proposition that defendants in attachment oc-
cupy no favored position over other defendants, expressly recog-
nizes the right of a defendant in attachment to appear and plead
at any time before final judgment against him.    It is true that in
*Walter* v. *Kierstead*, 74 *Ga.* 19 (5), it was held that " the defend-
ant having replevied the barque attached, . . the property at-
tached was released from the lien of the attachment, the attach-
ment itself was dissolved, and thereafter the action progressed as
an ordinary suit at common law."    In announcing this principle,
however, the court was not passing on the question as to when the
defendant must file his answer, and we do not take it to mean that
the plain provisions of the code on that subject shall be of no ef-
fect.

. 3.  The plaintiff's evidence showed that he had sold the defend-
ant two mules, the agreed purchase-price of which was $230, and
the defendant gave the plaintiff her note for that amount.    When
the note fell due, he went to her house to present it for payment,
but she was not at home, and he left word for her to send him the
money.    Subsequently he was informed that the defendant had
sent a draft for the amount of the note to his brother, and he ac-
cordingly sent the note to his brother for the defendant and re-
ceived the draft, which was drawn on a firm in Savannah.    Before
the draft was presented for payment the firm upon which it was
drawn failed.    The plaintiff then demanded payment of the note
by the defendant, which was refused.    Presumably she had re-
ceived the note, as the plaintiff testified that she refused either to
give it back to him or to pay the money.    In view of this evi-
dence, the grant of a nonsuit was erroneous, and the judge of the
superior court should have sustained the certiorari.    The idea of the
trial judge seems to have been that as the plaintiff sued on open
account, and proved that the debt sued for was evidenced by a
promissory note, he did not establish his case as laid.    It is well
settled, however, that where a note has been given for the amount
of an account, the plaintiff is not compelled to sue on the note,
but may sue on open account.    This is true for the very excellent
reason that the giving of a promissory note for the amount of a
debt does not, in the absence of an agreement to that effect, ex-
tinguish the debt until the note itself is paid.    Civil Code, § 3720 ;
*Weaver* v. *Nixon*, 69 *Ga.* 699 ; *Norton* v. *Paragon Oil Can Co.,*

98 *Ga.* 468. In *Jackson* v. *Brown*, 102 *Ga.* 87, it was held that where one accepts from another, in liquidation of an open account, a negotiable promissory note, he can not recover in a suit on the original cause of action unless upon the trial he produces the note, or satisfactorily accounts for its absence. In the present case, as has been seen, the note was shown to have been returned to the maker, and there was no possibility of the defendant being subjected to a double liability. It is claimed, however, that this rule does not apply here, because it was not a case of an open account being settled or closed up by the giving of a promissory note, but the giving of the note was the only transaction by which the defendant undertook to render herself liable. We fail to see the force of this argument. The primary transaction was the sale of the mules by the plaintiff to the defendant, and that created a demand by open account. The note was given as an evidence of that demand, but, as has been seen, it did not extinguish it until the note itself had been paid. It was permissible to bring the suit on open account, and the grant of a nonsuit was error.

*Judgment reversed.   All the Justices concur.*