### BELMONT FARM *v.* DOBBS HARDWARE COMPANY.

1. The taking of a promissory note for an amount due on an account, which is the basis of a mechanic's, materialman's, and contractor's lien, in the absence of an express agreement, will not, until the note is paid, accomplish an extinguishment either of the account or the lien. But as a condition precedent to final judgment, either upon the account or the lien, the note must be surrendered to the maker, or accounted for by showing that it is not in any event enforceable against him.
2. The evidence sustains the verdict, and there was no error in overruling the motion for new trial upon the usual general grounds.

Argued January 18,—Decided February 15, 1906.

Complaint, etc. Before Judge Gober. Cobb superior court. May 1, 1905.

The Dobbs Hardware Company instituted suit, declaring upon a lien as contractor, mechanic, and materialman, and upon an open account, setting out by items the work done and material used, and their cost, thus showing a total indebtedness of $613.53, for which it prayed a general judgment and the establishment of its lien upon the improvements and the real estate on which they were situated. It was alleged, that, a few days after the contract was completed, the defendant gave to the plaintiff, "for a part of said account," its note for $300, to fall due at a date beyond the time within which a lien could be filed; that the note was not paid at maturity, and was held by the plaintiff, unsatisfied, at the time of instituting the suit; and that the lien was regularly declared and filed and recorded within the time allowed by law, for the full amount of $613.53, without making any reference to the note. It was further alleged that the debt arose under a parol contract between the parties. No demurrer was filed, but the defendant answered, joining issue only

as to the terms of the contract and the existence of the lien as claimed, and contending that certain things had not been done which had been contracted for, that the work which was done was not according to contract, and that certain overcharges had been made. Upon the issues thus raised the defendant submitted its cause, with the prayer that whatever might be found in its favor be set off against anything that might be found due the plaintiff. There was no evidence or contention that the note had ever been assigned, and the plaintiff had it before the court at the trial. In other respects, the evidence upon the issues above stated was conflicting. The verdict and judgment were in favor of the plaintiff for the full amount sued for, and established a lien on the property. The defendant moved for a new trial, on the general grounds and the ground that "the verdict sets up a lien of $613.53 with interest on the realty belonging to the defendant, when plaintiff's petition shows that $300 of said amount on which lien was taken had been settled by defendant giving its promissory waiver note. Defendant insists that said lien could only be set up as against the balance of said account even if due, which defendant denies." The motion was overruled, and the defendant excepted.

*R. N. Holland,* for plaintiff in error. *J. Z. Foster,* contra.

ATKINSON, J. 1. The fourth ground of the motion for new trial complains that the giving of the note discharged the lien pro tanto. It is well settled that, in the absence of an express agreement between the parties to the effect that the note shall be an extinguishment of the original debt, the debt does not become extinguished until the note is actually paid. *Hodges* v. *Smith,* 118 *Ga.* 789; *Brantley Co.* v. *Lee,* 109 *Ga.* 478; *Jackson* v. *Brown,* 102 *Ga.* 87; *Norton* v. *Paragon Oil Can Co.,* 98 *Ga.* 468. There was no such express agreement in this case, and consequently there was no discharge of debt by which a discharge of lien could arise. If the debt remained unextinguished, what else was there to discharge the lien? The note was a mere evidence of debt; it was not the taking of security. The defendant lost nothing by giving it. No payment was ever made. It does not appear ever to have been transferred. The plaintiff held it overdue when the suit was filed, and accounted for it upon the trial by production in court. The evidence fails to disclose an agreement for the discharge or any fact which, in law,

would authorize one. *Balkcom* v. *Empire Lumber Co.*, 91 *Ga.* 651. It appearing that the note was past due at the time of the institution of the suit and was produced on the trial, the defendant is protected from any possible liability thereon. See, in this connection, *Moultrie Repair Co.* v. *Hill*, 120 *Ga.* 730. Upon the questions at issue in the case the evidence is conflicting. There being no exception to the charge of the court, it will be presumed that all of the issues were fully and fairly submitted to the jury; and the evidence as a whole being sufficient to support the finding of the jury, and the verdict having received the approval of the presiding judge, his discretion in refusing a new trial will not be disturbed. .

> *Judgment affirmed. All the Justices concur.*