## KINARD *v.* FIRST NATIONAL BANK OF SYLVESTER.

1. A draft is not payment, until itself paid, unless there is evidence that it was the intent of the parties that it should be so treated.
2. There was nothing in the evidence in the present case to indicate that it was intended that either the draft or the check in question should be treated as payment, until actually paid.

Submitted March 3,—Decided March 28, 1906.

Petition for certiorari.   Before Judge Spence.   Worth superior court.   April 20, 1905.

Kinard executed to the First National Bank of Sylvester a note for $315.50, and secured it by a mortgage.   After the maturity of the note, and on a day when he had $146 to his credit on the books of the bank, he came to the bank and "started to draw a draft" on Muse & Co., of. Albany, Ga., for the exact amount due on the note, but upon being informed that a check drawn by him prior to this time for $200 had not been presented for payment, he drew a draft on Muse & Co. for $400.   This draft was received by the bank, the amount of it placed to his credit on the books, and the draft forwarded to the drawees.   At the same time Kinard drew a check for the amount due on the note and gave it to the bank, and the note and the mortgage were cancelled, marked paid, and delivered to him.   Subsequently the draft upon Muse & Co. was returned to the bank unpaid.   Before the return of the draft by Muse & Co. the check for $200 was presented to. and. paid by the bank.   The bank obtained a copy of the note and mortgage from the records, and foreclosed the mortgage.   An affidavit of illegality was filed by Kinard, setting up that the note was paid.   Upon the trial of the illegality a judgment was rendered in the city court in favor of the plaintiffs.   Kinard applied for a writ of certiorari.   The judge refused to sanction the petition, and Kinard excepted.

*Payton & Hay,* for plaintiff in error.

COBB, P. J.   (After stating the foregoing facts.)   "Drafts are not payment until they themselves are paid, there being no evidence that they were taken expressly in payment."   *Stewart Paper Co.* v. *Rau,* 92 *Ga.* 512 (2).   "A bill, acceptance, or promissory note, either of the debtor or of a third person, is no payment or extinguishment of the original demand, unless it is expressly agreed to receive it in payment."   *Weaver* v. *Nixon,* 69 *Ga.* 699 ; *Rawlings* v. *Robson,* 70 *Ga.* 595 (2) ; *Hall's Cotton Gin Co.* v. *Black,* 71 *Ga.* 456 ; *Freeman* v. *Exchange Bank,* 87 *Ga.* 46 ; *Hatcher* v. *Comer,* 75 *Ga.* 732 ; *Norton* v. *Paragon Oil Can Co.,* 98 *Ga.* 470.   The marking of the note "paid," by the payee, is not alone sufficient to take the transaction out of the rule above laid down.   *Weaver* v. *Nixon,* 69 *Ga.* 699 ; *Charleston Ry. Co.* v. *Pope,* 122 *Ga.* 580.

Whether the acceptance by the bank of the draft and the cancellation and delivering up of the note and mortgage was an ex-

tinguishment of the debt depended upon the intention of the parties. *Norton* v. *Paragon Oil Can Co.,* supra. The intention is to be arrived at from all the circumstances. We see nothing in the evidence to take the case out of the general rule that checks and similar instruments are not payment until themselves paid. The check given to discharge the note was not payment until it was paid, and it could not be paid unless the draft was paid. The payment of the check was dependent upon the payment of the draft. It is manifest from the evidence that neither party intended that either the check or the draft was in itself payment of the original demand. The evidence shows that it was the intention of Kinard that $146 should be applied pro tanto in payment of the check for $200. The bank was entitled to foreclose its mortgage. The judge did not err in refusing to sanction the petition for certiorari.

*Judgment affirmed. All the Justices concur.*