STANDARD COOPERAGE COMPANY *v.* O'NEILL, trustee.

1. Where a promissory note is given in settlement of an open account, without an express agreement that the note shall extinguish the pre-existing debt, it is a condition precedent to a final judgment upon the account that the note be surrendered to the maker, or accounted for by showing that it is not in any event enforceable against him.
2. Since it was the legal right of the defendant to have the condition precedent above stated complied with, if the account had been closed by note, the court committed error in not submitting to the jury the dis-

puted issue of fact as to whether or not the account or any portion thereof had been closed by note.

DECEMBER 12, 1916.

Complaint. Before Judge Wright. Chattooga superior court. September 29, 1915.

J. H. O'Neill, trustee in bankruptcy of the Standard Supply and Hardware Company, brought suit on an open account against the Standard Cooperage Company. A verdict was directed for the full amount of the account in favor of the plaintiff. The defendant excepted.

Ficklen, the manager of the plaintiff company, testified that the account was correct, and that all proper credits had been allowed, and that the account sued for was the balance due. He swore that he saw Scoggins in Rome and discussed on several occasions the account, and that "Scoggins said he knew he owed it, and just admitted the account in that way; he admitted this balance of account sued on; . . he did not question the account; . . that is the only account he owed our concern; he admitted he owed the rendered account." Ficklen also denied that any of the account sued on had been closed by note.

Scoggins, the secretary and treasurer of the defendant company, testified as follows: "This account is correct." He also swore that he gave a note to close the August account. He denied that he had admitted the amount was due, and that he had ever talked with Ficklen as sworn to by him. Scoggins also said: "I kept a memorandum of the account that I made with that company, and it tallied with the account that is presented here and sued on." He also testified as follows: "That last entry there, closed by note, is in my handwriting; it was made the last day of August."

Treadaway, for the defendant, testified that Ficklen told him "he had just closed the account by note; he said he discounted it at the State Bank; just said he discounted a note, didn't say what note."

*Wesley Shropshire* and *Maddox & Doyal,* for plaintiff in error.
*John D. & E. S. Taylor,* contra.

GILBERT, J. (After stating the foregoing facts.) There was no denial that the defendant bought and received, at the price stated, each and every item of the account sued on. The only defense was that the account had been closed by note, and that the note was discounted at a named bank. There was no demurrer to

the answer. Scoggins, a witness for the defense, swore that only a portion of the account was closed by note, while the witness Treadaway swore that the manager of the creditor company admitted that "he had just closed the account by note; . . discounted it at the State Bank." No such note was produced at the trial, nor was its whereabouts accounted for in any way except by the evidence of Treadaway, as above stated.

Did the evidence raise an issue of fact which the court should have submitted to the jury? We think it did. The general rule is that bank checks and promissory notes are not payment of a pre-existing indebtedness until themselves paid. Civil Code (1910), § 4314. Where there is an express agreement that such check or note shall operate as an extinguishment of the original demand, this agreement will prevail, independently of whether the note or check is ever paid. In a given case, whether there was such an express agreement depends upon the intention of the parties. *Norton* v. *Paragon Oil Can Co.,* 98 *Ga.* 468, 470 (25 S. E. 501), citing a number of authorities. In the absence of such express agreement to the contrary, the general rule applies. It is not contended in the instant case that there was any express agreement that the note was to extinguish the account. Hence the making of the note could not amount to payment. Without more it would seem that the defendant had succeeded in raising an issue which only amounted to shadow, without substance, in which event the direction of the verdict would have been legally authorized. *Sanders Mfg. Co.* v. *Dollar Savings Bank,* 110 *Ga.* 559 (35 S. E. 777). However, in the case of *Belmont Farm* v. *Dobbs Hardware Co.,* 124 *Ga.* 827 (53 S. E. 312), it was decided that where a promissory note was given in settlement of an account, without an express agreement that the note should extinguish the pre-existing debt, "as a condition precedent to final judgment" upon the account the note must be surrendered to the maker, or accounted for by showing that it is not in any event enforceable against him. In Glenn *v.* Smith, 2 Gill & Johnson (Md.), 493 (20 Am. D. 452), a leading case, fully argued, it was held that "the acceptance by a creditor from his debtor of his promissory note, for an antecedent simple contract debt, does not extinguish the original debt (both being of equal degree in the eye of the law), if it remains in the hands of the creditor unpaid, and he can produce it to be cancelled, or show it

to be lost. But he will not be suffered to recover on the original cause of action, unless he can show the note to have been lost, or produces it at the trial to be cancelled."

As already stated, the plaintiff insisted that no such note was given, in extinguishment of the account, as claimed by the defendant. If such be the truth of the case, necessarily there was no note to be produced or accounted for. If, on the other hand, such a note was made and delivered to the creditor company, the condition precedent must have been complied with before judgment in its favor could legally be awarded. In directing the verdict complained of, the jury was not allowed to pass upon this substantial right of the defendant, and to say whether or not the account or any portion thereof had been closed by note, in order to force the plaintiff to bring the same into court for surrender and cancellation, without which it would be possible for some transferee of the note to force payment of the same notwithstanding a previous recovery on the open account. Therefore the judgment must be

*Reversed. All the Justices concur.*