18031.   SCHNEIDER MARBLE COMPANY *v.* KNIGHT *et al.*

BELL, J.   1.   Where certain individuals composing a committee to represent the general citizenry, whose names and identities were not disclosed, purchased a monument to be erected as a memorial to the soldiers from a given county who died in the World War, and the contract of purchase and sale was duly executed by the seller in terms of the agreement, the members of the committee may be held liable as individuals in a suit by the seller on account for the price of the monument.   Civil Code (1910), §§ 3596, 3597; *Lippincott* v. *Behre*, 122 *Ga.* 543 (3) (50 S. E. 467); *Willingham* v. *Glover*, 28 *Ga. App.* 394 (3) (111 S. E. 206); *Davis* v. *Menafee*, 34 *Ga. App.* 813 (131 S. E. 527).

2.   In such a case, where the order was signed by only one of the members of the committee, it would be permissible for the plaintiff to show by parol testimony that, with the knowledge of the plaintiff and of all persons concerned, this member in signing the order was acting for and by authority of the other members as well as for himself, and thus that the others were bound, although the order purported on its face to have been executed by the signatory party upon his sole responsibility. "Where a contract is signed by a person individually, parol evidence is admissible for the purpose of showing that he was acting as agent for another." *Fitzgerald Cotton Oil Co.* v. *Farmers Supply Co.*, 3 *Ga. App.* 212 (4) (59 S. E. 713); *Colt Co.* v. *Hiland*, 35 *Ga. App.* 550 (134 S. E. 142); *Harriman* v. *First Bryan Baptist Church*, 63 *Ga.* 186 (36 Am. R. 117).   A different rule seems to prevail in the case of negotiable instruments or of contracts under seal.   *Burkhalter* v. *Perry*, 127 *Ga.* 438 (56 S. E. 631, 119 Am. St. R. 343); *Coaling Coal &c. Co.* v. *Howard*, 130 *Ga.* 807 (2) (61 S. E. 987, 21 L. R. A. (N. S.) 1051).

3.   Promissory notes are not payment until themselves paid, in the absence of agreement to the contrary.   Civil Code (1910), § 4314. Whether the receipt of a promissory note amounts to a payment of the original debt depends upon the intention of the parties, and this intention may be proved by parol testimony if the writing itself is silent or ambiguous on the question.   *Hall's Cotton Gin Co.* v. *Black*, 71 *Ga.* 450 (2); *Weaver* v. *Nixon*, 69 *Ga.* 699 (2).   The note in the present case, though bearing upon its face the memorandum "Balance account for Berrien County Soldier Memorial," was silent upon whether it was intended as payment, and the testimony offered by the plaintiff that it had been given and accepted not in settlement of the account but merely as a matter of bookkeeping, and that such was the understanding of the parties, ought to have been admitted.   *Brenard Mfg. Co.* v. *Kingston Supply Co.*, 22 *Ga. App.* 280 (2) (95 S. E. 1028); *Kinard* v. *First National Bank*, 125 *Ga.* 228 (53 S. E. 1018, 114 Am. St. R. 201).

4.   Where several persons are indebted on an account, the giving of a note by one of them, in the amount of the indebtedness but not in settle-

Agency, 2 C. J. p. 817, n. 25.
Evidence, 22 C. J. p. 1237, n. 49.
Payment, 30 Cyc. p. 1202, n. 49; p. 1285, n. 17.

ment thereof, releases neither the maker nor the others from the original liability, but all may still be sued thereon, where the note is either surrendered to the maker or accounted for by showing that it is not enforceable against him. *Hodges* v. *Smith*, 118 *Ga.* 789 (3) (45 S. E. 617); *Standard Cooperage Co.* v. *O'Neill*, 146 *Ga.* 235 (91 S. E. 82). This ruling is not in conflict with the decision in *Mosely* v. *Floyd*, 31 *Ga.* 564 (2), as construed and explained in *Norton* v. *Paragon Oil Can Co.*, 98 *Ga.* 468 (25 S. E. 501).

5. Under the above rulings, the court erred, as assigned in the bill of exceptions, in not admitting certain testimony offered by the plaintiff, and in directing a verdict in favor of the defendants.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 16, 1928.

Complaint; from city court of Nashville—Judge W. R. Smith. February 21, 1927.

*C. A. Christian, W. D. Buie,* for plaintiff.

*R. F. Hendricks, P. T. Knight,* for defendant.