JOHNSON *et al.*, administrators, *v.* WILSON.

HILL, J. 1. Under the allegations of the petition the court did not err in overruling the demurrer.

2. Under a proper construction of the contract which is the basis of the present suit, it is a contract of lease, with the option on the part of the lessee to purchase the property involved within three years from the date of the lease. The lessor is estopped from denying the transfer of the lease contract to the transferee, for the reason that he accepted the rent due from the transferee until the latter declined to further pay rent because the lessor declined to execute a deed to the property to him on his tender of the purchase-price named in the contract.

3. It appears from the minutes of the corporation that the stockholders authorized one of their number to sell or transfer the property in controversy "to said partners mentioned herein, or to any other party," for the purpose of paying the debts of the corporation.

4. Under the pleadings and the evidence the court did not err in granting an interlocutory injunction on condition that the plaintiff would give bond to answer for any rent that might be found due by him on the final hearing.                    *Judgment affirmed. All the Justices concur.*

No. 5989. FEBRUARY 15, 1928. ADHERED TO ON REHEARING, MARCH 3, 1928.

Injunction. Before Judge Littlejohn. Sumter superior court. March 28, 1927.

The Johnson-Bolton Company, a corporation doing a mercantile business in Leslie, Georgia, became financially embarrassed. It owned a storehouse in the town of Leslie in which it carried on its business. It sold its storehouse to J. M. Johnson, who thereupon entered into the following contract:

"This agreement made and entered into between J. M. Johnson, party of the first part, and Johnson-Bolton Company, as party of the second part: Witness: That for and in consideration of the sum of $41.66 per month and to be paid monthly from 1st day of February, 1924, said first party agrees to lease or rent to said second party what is known as Johnson-Bolton Co's storehouse in the Town of Leslie, Ga., being a double store, each about 25 feet wide, and being same house in which the said second party has done a mercantile business for number of years. Said first party agrees to sell to said second party, at any time within three years from this date, the property herein described for the sum of $4000.00 four thousand dollars cash and 10 shares of the Johnson-Bolton Company stock. Said Johnson-Bolton Co. to keep

Landlord and Tenant, 35 C. J. p. 983, n. 77; p. 1040, n. 71; 36 C. J. p. 274, n. 2.

up such repairs as are or may become necessary during this three-year lease. Said lease to run for a period of three years. Signed, sealed, and delivered this 17th day of Dec., 1923.

                                        J. M. Johnson, (L.S.)
     "Witness:   W. A. Frazier.
               S. G. Wooten, N. P., Sumter County, Georgia."

This contract was authorized by action of the stockholders of Johnson-Bolton Company, which provided that they "authorized J. T. Bolton, Mgr. of said Johnson-B. Co. to complete the sale of said stock of goods and fixtures, for the purpose of paying the debts of J.-B. Co., to said partners mentioned herein, or any other party. We hereby delegate to said J. T. Bolton, Mgr., all authority necessary to complete said transaction along these lines, and to sign necessary paper to close this deal. This the 21 day of March, 1924. J. T. Bolton, Mgr., & Sec.

     "Minutes read and adopted, 3/21/24."

On May 28, 1924, Johnson-Bolton Company transferred the above-stated contract, for value received, to E. L. Wilson, "without recourse on us." Wilson took possession of the storehouse and the stock of goods which were in the building, and paid rent thereon under the above contract to J. M. Johnson from the date of the transfer until December 16, 1926. J. M. Johnson was the owner of ten shares of the capital stock of the Johnson-Bolton Company, which shares he had purchased from E. L. Wilson. After Wilson took possession of the property he paid the monthly rental of $41.66 to J. M. Johnson personally each month thereafter until he made the tender of $4000 in cash and ten shares of the capital stock of the company in compliance with his option. Wilson remained in possession of the building until the bringing of the present suit. On December 16, 1926, within the three-year period provided for in the contract, E. L. Wilson tendered to J. M. Johnson $4000 and the ten shares of the capital stock called for in the option to purchase, and demanded of Johnson a deed to the premises. Johnson refused to accept the money and stock and to execute the deed, stating that Wilson's name "was not on the papers." After this tender and refusal Wilson declined to pay any more rent; whereupon Johnson, on February 26, 1927, sued out a warrant to evict Wilson as a tenant holding over. Wilson filed the present petition to enjoin Johnson and

the sheriff from executing the warrant to evict; praying also that the title to the property be decreed to be in plaintiff upon his paying the sum of $4000 and delivering the ten shares of capital stock in the Johnson-Bolton Company to J. M. Johnson, and that the latter be required to specifically perform the contract above set out. J. M. Johnson filed an answer in which he denied the material allegations of the petition. The court on interlocutory hearing passed an order enjoining Johnson and the sheriff from evicting Wilson, and requiring Wilson to give a bond to answer for any rents that might be found against him on the final hearing. Johnson excepted to this order, and to the overruling of his demurrer to the petition.

*W. P. Wallis* and *R. L. Maynard,* for plaintiff in error.

*Hollis Fort,* contra.