### 23941. COLONIAL STAGES SOUTH INC. v. JOEL et al.

BROYLES, C. J. 1. Under repeated rulings of the Supreme Court and of the Court of Appeals, a ground of a motion for new trial, complaining of the admission of documentary evidence, will not be considered by the appellate courts, where the evidence is not set forth in the ground nor attached as an exhibit thereto. This ruling disposes of ground B of the amendment to the motion for a new trial.

2. The remaining special grounds of the motion are mere elaborations of the general grounds, and will not be considered apart from these grounds.

3. "Where one other than the lessee is found in possession of the leased premises, a presumption arises that he holds under an assignment of the lease, more particularly where he is shown to be in under the tenant, or is paying rent, or has occupied [the leased premises] for the whole residue of the term." 35 C. J. 991, § 85; Washington &c. Co. v. Roger Williams Co., 25 R. I. 483 (56 Atl. 686); Benson v. Bolles, 8 Wend. (N. Y.) 175; Ecker v. Chicago &c. R. Co., 8 Mo. App. 223 (4), 226, 227; In re Tenenbaum, 56 Fed. (2d) 217 (1, 2, 3). See also, in this connection, *Johnson* v. *Wilson*, 165 *Ga.* 810 (142 S. E. 70).

4. "An assignee of a lease, when sued for rent, can not set up in defense that the assignment was made without the written assent of the lessor, contrary to the terms of the lease, since such provision in the lease, being for the benefit of the lessor, may be waived by him." Sexton v. Chicago Storage Co., 129 Ill. 318 (21 N. E. 920, 16 Am. St. R. 274); Chicago Attachment Co. v. Davis &c. Co., (Ill.) 25 N. E. 669, 671; 35 Corpus Juris, 983, § 71.

5. "Where a party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or, having more certain and satisfactory evidence in his power, relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded; but this presumption may be rebutted." Civil Code (1910), § 5749.

6. Applying the principles of the foregoing rulings to the facts of the instant case, the trial judge, sitting without the intervention of a jury, did not err in rendering a judgment in favor of the plaintiff, or in refusing to grant a new trial.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED NOVEMBER 27, 1934.

*Paul L. Lindsay,* for plaintiff in error.
*Howell, Heyman & Bolding, Howell & Post,* contra.