## 25042, 25046. CAUBLE v. MUTUAL BENEFIT LIFE INSURANCE COMPANY et al.; and vice versa.

DECIDED MAY 20, 1936.

*Alex M. Hitz,* for plaintiff. *Heyman & Heyman, Carter, Carter & Johnson, W. W. Lyons,* for defendant.

BROYLES, C. J. C. V. Cauble filed garnishment proceedings against the Mutual Benefit Life Insurance Company, seeking to obtain money which Cauble claimed was due by the company to Mrs. Emma R. Allyn, the beneficiary of an insurance policy issued by the company. The garnishee filed an answer denying that it was indebted in any sum to Mrs. Allyn, or that it had in its possession or control any money or property of hers. The plaintiff traversed the answer. This issue was tried, under an agreed statement of facts, by the judge without the intervention of a jury, and a judgment overruling the traverse and sustaining the answer was rendered. Thereafter the plaintiff's motion for new trial was overruled, and exceptions were taken to that judgment. It appears from the agreed statement of facts that at the time of Mr. Allyn's death he and his wife were living in the city of Recife, Pernambuco, Brazil; that Allyn had a policy of life insurance issued by the garnishee, in which his wife was named as the beneficiary; that the amount due to her on the policy was $877.04; that proofs of death were duly submitted to the insur-

ance company, with direction that the proceeds of the policy be mailed by check to the beneficiary at her home in Brazil; that the death proofs and the foregoing instructions were received at the home office of the company on January 13, 1932; that on January 14, 1932, the company issued its check for the amount due, payable to the *order* of the beneficiary, and the check was mailed to her on the same day to her Brazil address; that the check left New York City by steamer on January 15, 1932, and arrived at Brazil January 28, 1932, and was received by Mrs. Allyn at some time between January 28, and February 4, 1932; that she *sold* the check to the Pernambuco, Brazil, branch of the National City Bank of New York on February 4, 1932, and indorsed it as follows: "Pay to the order of the National City Bank of New York. Emma R. Allyn;" that the check was stamped with the name of the National City Bank and with the initials "B.P.," which, under the agreed statement of facts, meant "bills purchased;" that this stamp was used to distinguish bills *purchased* by the bank from bills handled *for collection;* that the check was mailed on February 11, 1932, to the home office of the National City Bank of New York, with instruction to collect the amount due thereon and credit it to the account of the branch bank in Brazil; that Mrs. Allyn had a current account with the branch bank, and that she deposited the proceeds of the sale of the check to that account; that on March 7, 1932, the check was paid to the holder by the bank on which it was drawn; and the summons of garnishment was served on February 29, 1932.

It clearly appears from the foregoing statement that the National City Bank did not, as the agent of Mrs. Allyn, hold the check for the purpose of collection, but that it bought the check in good faith and for value before it was overdue. We have found no decision, and counsel for the plaintiff has cited none, which holds that a garnishee would be liable after it had issued a check covering an indebtedness due to the payee, where the summons of garnishment was served after the issuance of the check and its delivery to the payee, and subsequently to its negotiation in due course and for value to a third party. The cases cited in behalf of the plaintiff are easily differentiated by their facts from this case. The judge did not err in overruling the traverse of the garnishee's answer, or in refusing to grant a new trial. As the

foregoing ruling controls the case, the questions raised in the cross-bill of exceptions will not be considered.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. MacIntyre and Guerry, JJ., concur.*

GUERRY, J., concurring specially. In view of the fact that the garnishee owed the defendant, on February 4, 1932, a sum certain, and on that day mailed to the defendant an ordinary check drawn on a bank as payment of this sum, the garnishee was not liable to a creditor of the defendant on a summons of garnishment served on it after the delivery of the check but before it was presented by the defendant for payment. In *Hiatt* v. *Edwards*, 52 *Ga. App.* 152 (182 S. E. 634), it was said that, "while a check is not complete payment, still it is conditional payment until dishonored, and in this sense amounts to such payment as will forestall garnishment. . . The rule is settled in this State, even in a case where the mere taking of a negotiable instrument by a creditor from his debtor does not operate as a *payment* of the debt, so as to preclude the creditor from suing the debtor on the original indebtedness, that, 'as a condition precedent to final judgment [the instrument] must be surrendered to the maker, or accounted for by showing that it is not in any event enforceable against him.' This 'condition precedent must have been complied with before judgment in [the creditor's] favor could legally be awarded.'" The garnishee having delivered to Mrs. Allyn its check, I am of the opinion that Mrs. Allyn might not sue on the policy without surrendering or accounting for the check. If Mrs. Allyn herself could not obtain a judgment against the garnishee, neither could a garnishing plaintiff obtain a judgment. The plaintiff could obtain no better position than its debtor. For these additional reasons I think the action of the lower court was correct.