44770.   ALEXANDER-SEEWALD COMPANY v. QUESTA.

ARGUED SEPTEMBER 12, 1969—DECIDED MARCH 19, 1970—
REHEARING DENIED APRIL 3, 1970—

Powell, Goldstein, Frazer & Murphy, Wayne Shortridge, David R. Aufdenspring, for appellant.

Roland P. Smith, for appellee.

EBERHARDT, Judge. Pretermitting the question as to whether the original contract of employment was one of indefinite hiring, see 'Code § 66-101; Lambert v. Ga. Power Co., 181. Ga. 624, 627 (183 SE 814); Odom v. Bush, 125 Ga. 184 (2) (53 SE 1013), or whether the effect of Questa's continuance on the job and acceptance of payment of compensation in accordance with the notice of June 26, 1966, estops him to assume a position inconsistent with the notice, see Green & Co. v. Jackson & Co., 66 Ga. 250 (4); Warner v. Hill, 153 Ga. 510 (1a) (112 SE 478); Johnson v. Wilson, 165 Ga. 810 (2) (142 SE 70), the controlling factor here is the subsequent acceptance of promissory notes for a portion of an account receivable and the discounting of those notes by the creditor to another.

It is a general rule, as expressed in Code § 20-1004 and in Wylly v. S. J. Collins & Co., 9 Ga. 223; Beazley v. Gignilliat, 61 Ga. 187 (2); Hodges v. Smith, 118 Ga. 789 (3) (45 SE 617); Blackshear Mfg. Co. v. Harrell, 191 Ga. 433 (12 SE2d 328); Adams & Co. v. Skipper, 9 Ga. App. 123 (70 SE 692); Stokes v. Walker, 21 Ga. App. 630 (2) (94 SE 841); Schneider Marble Co. v. Knight, 37 Ga. App. 646 (3, 4) (141 SE 420); Sulter v. Citizens Bank &c. Co., 51 Ga. App. 798 (3) (181 SE 694);

*Farmers & Merchants Bank of Charing v. Rogers,* 55 Ga. App. 38 (1) (189 SE 274); *Cohen's Dept. Stores v. Siegel,* 60 Ga. App. 79 (1) (2 SE2d 762), that a note given for an obligation already incurred, such as an open account, is not payment until it is itself paid, absent some express agreement or compelling circumstance which clearly indicates a contrary intention of the parties. A mere transfer by the creditor of the indebtedness from the accounts receivable ledger to notes receivable does not work a payment of the account. *Hatcher & Baldwin v. Comer & Co.,* 75 Ga. 728. Nor would marking it "paid." *Kinard v. First Nat. Bank of Sylvester,* 125 Ga. 228, 229 (53 SE 1018).

■ There is, however, a compelling circumstance here which requires the finding of an intention that the notes serve as payment. The two notes taken by Alexander-Seewald for the account which Cumming Sales Company owed were transferred to Parts Management Corporation, and by it transferred to The Citizens & Southern National Bank as discounts with full recourse in each instance, and they remained in the hands of the bank when the judgment appealed from was entered.

The transfer to the Parts Management Corporation and, in turn by it to the bank, placed the bank in position to sue on the notes if there should be a default in payment when due. Although, until the transfer of the notes, Alexander-Seewald might have elected to sue on the account, or on the notes — there having been no express agreement by the payee to accept the notes in payment of the account — if it should elect to sue on the account no judgment could be lawfully entered until the surrender of the notes to the debtor, unless they have been lost or destroyed. *Belmont Farm Co. v. Dobbs Hardware Co.,* 124 Ga. 827, 828 (53 SE 312); *Standard Cooperage Co. v. O'Neill,* 146 Ga. 235, 237 (91 SE 82); *Wilson v. McEachern,* 9 Ga. App. 584, 586 (71 SE 946); *Hiatt v. Edwards,* 52 Ga. App. 152, 156 (182 SE 634); Holmes v. DeCamj, 1 Johns. 34 (3 AD 293). This Alexander-Seewald could not do with the notes in the hands of a transferee. Further, the bank could sue on the notes and two people should not, at the same time, be in position to obtain judgment against the debtor on the same obligation. For these reasons the law implies an intention on the part of

Alexander-Seewald, when it transferred the notes, to accept them in payment of the account. Thus, when and so long as the notes are not in its hands it is estopped to deny that the notes have been accepted as payment or to sue on the account.

The debtor is protected from a possible double recovery against him.

We have not found among the reported cases of this court or of the Supreme Court one which deals with this very situation, but the principle is discussed and was approved in *Hiatt v. Edwards*, 52 Ga. App. 152, 156, supra, and in *Cauble v. Mutual Benefit Life Ins. Co.*, 53 Ga. App. 360, 362 (185 SE 834). "While the mere transfer by a creditor to a third person of a bill or note not received as payment does not extinguish the debt, as long as such bill or note is outstanding in the hands of a third person it will be treated as having been accepted in discharge of the debt so as to bar action thereon." 70 CJS 232, Payment, § 23(c). Accord: 40 AmJur 781, Payment, § 92. See Donnelly v. District of Columbia, 119 U. S. 339 (7 SC 276, 30 LE 465); Looney v. District of Columbia, 113 U. S. 258 (5 SC 463, 28 LE 974); Harris v. Johnston, 3 Cranch (7 U. S.) 311 (2 LE 450); Johnson v. Murray (Mo. App.) 289 S. W. 977; Wright v. Crockery Ware Co., 1 N. H. 281 (8 AD 68, 69); Tobey v. Barber, 5 Johns. (N. Y.) 68 (4 AD 326, 328).

We conclude that under the contract of hiring Questa became entitled to his commission on the principal amount of the notes when the transfer was made.

If the notes were taken for only a portion of the account it must follow that these principles apply only to that portion. The creditor is not to be barred from his action on the portion of the account which does not support the consideration for the notes, nor are the notes to be treated as payment thereof.

We do not here deal with a situation in which the creditor has transferred the notes as security for a loan and, having paid the loan or by other means has reacquired them. The texts and some of the foreign authorities indicate that when this happens the creditor's status returns to that which obtained prior to the transfer.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Hall, P. J., Deen, Whitman and Evans, JJ., concur. Pannell and Quillian JJ., dissent.*

PANNELL, Judge, dissenting. My views as to the proper result which may be reached in this case are as follows:

■ Where a salesman was working on commission with an employer, the commission being paid on sales and subsequently the terms of employment are changed so as to make commissions payable only where a collection has been made on such sales, and the salesman continues to work and receive compensation under such new arrangement, he becomes bound by the transaction, and can not void its obligation or effect by taking a position inconsistent therewith. See in this connection *Citizens Bank of Tifton v. Willis,* 15 Ga. App. 772, 777 (84 SE 157); *Warner v. Hill,* 153 Ga. 510 (1a) (112 SE 478); *Staffold v. Cheatham,* 106 Ga. App. 377, 378 (127 SE2d 52); *Johnson v. Wilson,* 165 Ga. 810 (2) (142 SE 70); *Kinnett v. Ryder Truck Lines, Inc.,* 116 Ga. App. 363, 364 (157 SE2d 316); *Benefield v. Malone,* 112 Ga. App. 408 (145 SE2d 732); *Green & Co. v. Jackson & Co.,* 66 Ga. 250 (4).

■ Where a salesman is working on a commission based on collections made on the sales, rather than on the sales themselves, and the employer receives and accepts two notes from one of the salesmen's accounts executed by the debtor, one of the notes being payable in monthly installments (principal and interest), which note was assigned "with recourse" by the employer to a third party, and in turn was assigned "with recourse" to the Citizens & Southern National Bank, and the $20,000 received from the bank was then transferred from the third party to the employer, and the other note was discounted by the employer "with recourse" to the Citizens & Southern National Bank for the principal sum, received by the employer from the bank, and the employer credited the amounts received to the accounts receivable, charged the same to the notes payable ledger; but there is no evidence of any express agreement, or which authorizes a finding that the taking of the notes and the receipt of the money therefrom by discount was to operate as a payment on the account, the account has not been paid by

616

such receipts.· *Code* § 20-1004; *Wylly v. S. Z. Collins & Co.,* 9 Ga. 223; *Stokes v. Walker,* 21 Ga. App. 630 (2) (94 SE 841); *Sulter v. Citizens Bank &c. Co.,* 51 Ga. App. 798 (181 SE 694); *Nash Motors Co. v. J. M. Harrison & Co.,* 52 Ga. App. 333, 335 (183 SE 202); *Farmers & Merchants Bank v. Rogers,* 55 Ga. App. 38 (189 SE 274); *Cohen's Dept. Stores, v. Siegel,* 60 Ga. App. 79 (1) (2 SE2d 762). It follows, therefore, that there having been no payment on the account, there has been no collection thereon.

The majority, while they agree with the above law, reach a conclusion that payment or collection of the account was effected because, under the decision cited by the majority, Alexander-Seewald Company could not sue Cumming Sales on account so long as Alexander-Seewald Company was not in position to surrender the notes. ˙We are not concerned here with whether Alexander-Seewald Company was temporarily barred from suing Cumming Sales on the account, but only with whether the notes were accepted in payment of the account so as to entitle Questa, the salesman, to his commissions. The majority in reliance on these cases say that since no suit could be brought on the account because of the transfer of the notes, the notes were necessarily accepted in payment. One does not follow from the other. The cases cited and relied on by the majority apply a bar to a suit on the account when the notes can not be surrendered, even though, and only when, the notes are not accepted as payment of the account, so that the question of whether the notes were accepted in payment have nothing to do with the rule relied upon by the majority. If the notes had been accepted as payment, there would be no need to apply the legal fiction of this rule. The majority's conversion of a rule barring an action on the account applicable only when notes were not accepted in payment of the account, into one demanding a finding that the notes were so accepted, is untenable. While the rule relied on by the majority indulges in the legal fiction of a payment (where the notes were not actually accepted in payment) solely for the purpose of the bar until the notes, discounted after receipt, can be delivered to the debtor, this does not authorize us to convert this legal fiction into a

rule demanding a finding that the notes were accepted as payment of the account. The case of *Hiatt v. Edwards,* 52 Ga. App. 152, 156 (182 SE 634), cited by the majority and which cites the other cases relied upon as well, makes this clear. We quote as follows: "The rule is settled in this State, even in a case where the mere taking of a negotiable instrument by a creditor from his debtor does not operate as a payment of the debt, so as to preclude the creditor from suing the debtor on the original indebtedness, that, 'as a condition precedent to a final judgment, [the instrument] must be surrendered to the maker, or accounted for by showing that it is not in any event enforceable against him.' This 'condition precedent must have been complied with before judgment in [the creditor's] favor could legally be awarded.' 'He will not be suffered to recover on the original cause of action, unless he can show the note to have been lost, or produces it at the trial to be canceled.' *Belmont Farm Co. v. Dobbs Hardware Co.,* 124 Ga. 827, 828 (53 SE 312); *Standard Cooperage Co. v. O'Neill,* 146 Ga. 235, 237-238 (91 SE 82); *Wilson v. McEachern,* 9 Ga. App. 584, 586 (71 SE 946)."

We agree, of course, that if the notes had been sold without recourse and the money received therefrom, the account would have been paid *as of the date the money was received;* but even this would not demand a holding that the notes themselves were accepted as payment of the account. That is the question here.

Further, the notes were assigned "with recourse." Under the majority ruling, the salesman gets his commissions on the grounds the accounts were collected. Suppose the bank calls upon Alexander-Seewald Company to pay the notes when Cumming Sales defaults. Could the Alexander-Seewald Company recover back the commissions paid? Obviously not. It would be able to sue Cumming Sales on the account, but that is all. This, to me, demonstrates the fallacy of the course taken by the majority.

■ Where, on motion for summary judgment by both the salesman and the employer, the evidence further discloses that "as of" a certain date, payments of a given sum had been made on the discounted notes, but does not disclose the actual date

payments were made, or how much thereof was principal as distinguished from interest, and upon which, if paid on the "as of" date, the salesman would not have been entitled to commission thereon under the terms of his contract; and even if he had been entitled to commission thereon, would not have supported a finding of the amount for which judgment was given on the motion for summary judgment by the salesman, the trial judge erred in granting the motion for summary judgment made by the salesman in any amount.

■ The trial court did not err in refusing to grant a summary judgment in favor of the employer, as the evidence indicates that some of the payments made on the notes to the bank might have been made at a time when the salesman might have been entitled to a commission on some part of such payment. The evidence being unclear and unsatisfactory in this respect and the burden being upon the employer in its motion for summary judgment, the trial court did not err in overruling the employer's motion for summary judgment.

In my opinion, the judgment granting the plaintiff's motion for summary judgment should be reversed and the judgment overruling the defendant's motion for summary judgment should be affirmed. .

I am authorized to state that Judge Quillian joins in this dissent.