### 52602. WALSEY et al. v. ALTERMAN FOODS, INC.

MARSHALL, Judge.

Walsey and Jarrard, a partnership, doing business as Sheraton Gardens Inn, bring this appeal from a verdict and judgment in favor of Alterman Foods, Inc., in the amount of $6,143.21 principal and $545.03 interest. Appellants assert two enumerations of error, one dealing with the rejection of their defense of accord and satisfaction and the second with an alleged failure of proof to show a default in the questioned promissory note.

The facts reflect that Alterman brought suit on an open account complaining that Walsey and Jarrard were delinquent in payments in an amount equal to the above stated judgment. Subsequent to the filing of the suit by Alterman, the partnership entered into an agreement with Alterman that in consideration of dismissing its suit without prejudice, the partnership would issue a promissory note in the amount of $6,500, payable in several installments. The agreement provided that the suit be settled by the payment of the $6,500 but that the suit would be postponed only so long as the payment schedule was maintained. The note expressly stated that it was for and in consideration of the dismissal of the civil action and agreed to make the installment payments. Appellants maintain that the issuance of this note followed by the voluntary dismissal of the suit by Alterman worked an accord and satisfaction of the open account indebtedness. Alterman urges that the suit was dismissed subject to payment of costs which it alleges have never been paid and thus properly was reinstated. *Held:*

1. It is a general rule, as expressed in Code § 20-1004 and in a plethora of cases that a note given for an

obligation already incurred, such as an open account, is not payment until it is itself paid, absent some express agreement or compelling circumstances which clearly indicates a contrary intention of the parties. A mere transfer by the creditor of the indebtedness from the accounts receivable ledger to notes receivable does not work a payment of the account (*Hatcher & Baldwin v. Comer & Co.,* 75 Ga. 728), nor would marking it "paid." *Kinard v. First Nat. Bank of Sylvester,* 125 Ga. 228, 229 (53 SE 1018).

Whatever might have been implied by the parties in this case by the giving of the promissory note as relates to the open account, there certainly is no clearly expressed agreement as to what was intended to become of the open account indebtedness. We can only assume that there was no intent to extinguish the open account debt since the suit on the open account was postponed only so long as the payments on the promissory note were kept current. The expressed consideration for the promissory note was not the extinguishment of the open account but the settlement of the pending suit. We must and do conclude that the giving of the promissory note in this case did not work a payment of the open account indebtedness in the obvious absence of an express agreement to that effect. *Alexander-Seewald Co. v. Questa,* 121 Ga. App. 611 (1) (175 SE2d 92).

An accord and satisfaction arises where parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, in which case the taking of the new consideration amounts to the satisfaction of the former contract. *Burgamy v. Holton,* 165 Ga. 384 (3), 396 (141 SE 42); *Ga. S. & F. R. Co. v. Blanchard,* 121 Ga. App. 82 (1) (173 SE2d 103); *Ford Motor Co. v. Lee,* 137 Ga. App. 486, 490 (224 SE2d 168).

As previously noted, the new agreement in this case did not expressly provide that it was in satisfaction of the old agreement. In the absence of such an agreement, we have searched in vain in this record to find a new

consideration for the open account indebtedness. Since the amount of indebtedness was certain and uncontested, the rule that where the damages are unliquidated, the substitution of an agreed and liquidated amount is tantamount to a new consideration, does not apply. See *Venture Const. Co. v. Great American Mtg. Investors,* 134 Ga. App. 440 (214 SE2d 683).

The trial court did not err in rejecting the argument that there was a binding accord and satisfaction nor in rendering judgment for Alterman on the rebutted evidence of the open account indebtedness.

2. We have examined the record and find ample support for the court's finding that the debt was due and payable. Under these circumstances, the trial court was not required to find that the promissory note was in default. It is well settled that where a note has been given for the amount of an account, the plaintiff is not compelled to sue on the note, but may sue on open account. This is true for the very excellent reason that the giving of a promissory note for the amount of a debt does not, in the absence of an agreement to that effect, extinguish the debt until the note itself is paid. *Norton v. Paragon Oil Can Co.,* 98 Ga. 468 (25 SE 501); *Hodges v. Smith,* 118 Ga. 789, 791 (3) (45 SE 617).

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED SEPTEMBER 8, 1976 — DECIDED OCTOBER 13, 1976— REHEARING DENIED NOVEMBER 1, 1976 —

*Gershon, Ruden, Pindar & Olim, Jay E. Loeb,* for appellants.

*Arnall, Golden & Gregory, H. Fred Gober,* for appellee.